UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br>NELS E G OLSSON<br>MAURA HELENA OLSSON<br><br>    Debtor. | Case No. 6:14-cv-01686-AA<br>Bankr. Case. No. 13-62080-tmr-7<br>Adv. Pro. No. 13-06132-tmr<br><br>OPINION AND ORDER |

BRIAN S. KOCH,

    Plaintiff-Appellant,

  v.

MAURA H. OLSSON,

    Defendant-Appellee.

AIKEN, Chief Judge:

    Plaintiff-Appellant Brian Koch appeals a decision of the United States Bankruptcy Court that ruled an attorney fee award entered against the defendant-appellee was not in the nature of child support and dischargeable. After review of the Bankruptcy

1    - OPINION AND ORDER

Court's decision and the parties' arguments, I affirm the decision.

## BACKGROUND

Prior to 2010, defendant-appellee Maura Olsson had custody of her minor child; plaintiff-appellant Brian Koch is the father. Koch was obligated to pay monthly child support, and he fell behind in his payments. In 2010, Koch filed for custody of the minor child, and Koch was awarded custody and Olsson was ordered to pay support. However, due to his previous child-support arrearage, Olsson's monthly payments were applied as "set offs" against the amount of child support Koch owed Olsson. Pl.'s Suppl. Excerpt of Record at 33-34 (doc. 8).

In or around December 2011, Olsson filed a Motion for Order to Show Cause why the operative parenting plan should not be modified. Olsson's motion was denied, and the state court found that the motion and supporting affidavit were meritless and misleading. Def.'s Suppl. Excerpt of Record at 12-14 (doc. 5-1). Subsequently, the state court awarded attorney fees to Koch, finding that fees should be awarded to deter others from bringing similar motions to show cause. Notably, the court did not order that the attorney fee award be applied as a "set off" against the amount of child support owed by Koch.

On May 30, 2013, Olsson filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code. Koch objected to the dischargeability of the attorney fee award, arguing that the attorney fees fell within the "domestic support obligations" exception to dischargeability. 11 U.S.C. § 523(a)(5).

Bankruptcy Judge Renn entered judgment in favor of Olsson, finding that the debt was a general unsecured debt subject to discharge. Judge Renn reasoned that the attorney-fee award was entered for the purpose of penalizing Olsson and was not issued not for purposes of domestic or child support obligations. Koch now appeals to this court.

## DISCUSSION

Section 523(a)(5) of the Bankruptcy Code excepts from discharge any debt "for a domestic support obligation." 11 U.S.C. § 523(a)(5). Koch argues that the bankruptcy court erred in determining that the attorney fee judgment was not a support obligation and dischargeable.

As he did before the Bankruptcy Court, Koch argues that the disputed attorney fee debt is a domestic support obligation because it was incurred in a custody proceeding and the minor child would be adversely affected if Olsson was permitted to discharge this debt. Olsson argues that the Bankruptcy Court correctly found that the disputed debt is not in the nature of

3   - OPINION AND ORDER

support not a domestic support obligation. Therefore, Olsson maintains that the debt does not fall within the "domestic support obligation" exception to discharge and is dischargable in the bankruptcy proceeding.

> "Domestic support obligation" is defined as a debt:
>
> (A) owed to or recoverable by . . . a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative. . . ;
>
> (B) in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on or after the date of the order for relief in a case under this title, by reason of applicable provisions of . . . an order of a court of record; . . . and
>
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A). The parties dispute only the second requirement, that the debt be "in the nature of . . . support."

To determine whether a debt is in the "nature of support," courts may consider the following factors: 1) the parties' intent that the debt be in the nature of support; 2) the label given to the payments; 3) the recipient's need for the support, generally determined by an imbalance of income; 4) the manner in which the payments are to be made; and 5) the ability of the

4    - OPINION AND ORDER

payments to terminate when the recipient dies or remarries. In re Nelson, 451 B.R. 918, 921-22 (Bankr. D. Or. 2011); see also Leppaluoto v. Combs (In re Combs), 101 B.R. 609, 615-16 (9th B.A.P. 1989). Upon review of Judge Renn's ruling, I find no error.

I agree that the attorney fee award is not in the nature of support under the above factors. First, the record does not reflect that either Olsson or Koch intended the attorney-fee award to be considered support. Rather, as reflected by Koch's testimony, the award was intended to pay the fees of Koch's attorneys. Pl.'s Suppl. Excerpt of Record at 32 (doc. 8) (describing financial repercussions of attorney fee bill). Second, the fee award was not labeled as support, and the state court did not order that the attorney fee award be applied to the amount of child support owed by Koch (as it ordered with respect to Olsson's child support payments). Third, no findings were made with respect to Koch's need for the attorney's fees or Olsson's ability to pay; rather, the state court imposed the fee award as a punitive measure intended to deter others from similar conduct. In fact, the state court's opinion letter explicitly stated: "the Court finds that [Olsson's] claims were not reasonable and attorney fees would deter others from asserting meritless claims." Def.'s Suppl. Excerpt of Record at

5    - OPINION AND ORDER

30. Thus, the purpose of the fee award was to "punish" Olsson for bringing the Motion to Show Cause and deter others from bringing similar motions; it was not for the purpose of support. Finally, the state court did not order the fee award to be made on a monthly or similar basis. In other words, nothing about the fee award suggests that it was in the nature of support.

Nonetheless, Koch argues that the disputed debt is a domestic support obligation because it arose out of custody proceedings and involved the best interests and welfare of the child. In so arguing, Koch relies primarily on In Re Rehkow, 2006 WL 6811011 (9th Cir. BAP August 17, 2006), aff'd 239 Fed. Appx. 341 (9th Cir. Jun. 29, 2007).

However, I find the facts of Rehkow distinguishable from this case. Rehkow involved attorney fees arising from disputes over the services of a mental health expert appointed to provide an opinion regarding custody and visitation. 2006 WL 6811011, at *1. The BAP held that "attorneys' fees incurred in child custody proceedings in which issues involving the best interests of the child are in dispute are in the nature of support and, thus, non-dischargeable in bankruptcy." Id. at *4. Because "all of the attorneys' fees awarded [] arose from the proceedings to determine custody of and visits to the former couple's minor child," and "were incurred in the best interests of and to

support the minor child," the BAP held that the fee award was non-dischargeable under § 523(a)(5). Id.

Here, the attorney fee award did not arise from proceedings to determine custody, visitation rights or child support. Rather, it arose from the denial of Olsson's motion to show cause and the state court's finding that the motion was without merit; custody proceedings were never reopened or reevaluated. The fact that the fee award arose in the context of a custody dispute does not automatically render it a support obligation.

Indeed, "[t]he legal question is not whether repayment of the debt will benefit the children, but whether the basis of the debt benefitted the children." In re Leibowitz, 217 F.3d 799, 803 (9th Cir. 2000). Here, the record reflects that the basis of the debt was to punish Olsson and deter similar conduct. Therefore, it was not in the nature of support and does not fall within the "domestic support obligation" exception to discharge.

## CONCLUSION

The decision of the Bankruptcy Court is AFFIRMED. IT IS SO ORDERED.

Dated this 17 day of June, 2015.

_____
Ann Aiken
United States District Judge

7   - OPINION AND ORDER